# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

SAMUEL JOHNSON, in his individual capacity, and JILL JOHNSON, in her individual capacity,

                Plaintiffs,

    v.

KATHY GRIFFIN, in her individual capacity,

                Defendant.

Case No. 3:22-cv-00295

District Judge William L. Campbell, Jr.
Magistrate Judge Barbara D. Holmes

**ANSWER**

Defendant Kathy Griffin, by her attorneys, Greenberg Traurig, LLP, and Holland & Knight LLP, hereby Answer Plaintiffs Samuel Johnson and Jill Johnson's Complaint dated April 25, 2022 (Document 1) (the "Complaint") as follows:

Defendant respectfully submits that the headings used in the Complaint do not require a response but, for the avoidance of doubt, such allegations are DENIED to the extent they set forth allegations against Defendant.

## <u>RESPONSES TO NATURE OF THE ACTION</u>

1. DENIES the allegations contained in paragraph 1 of the Complaint.

2. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and on that basis DENIES them.

3. DENIES the allegations contained in paragraph 3 of the Complaint.

4. DENIES the allegations contained in paragraph 4 of the Complaint.

5. DENIES the allegations contained in paragraph 5 of the Complaint.

6. DENIES the allegations contained in paragraph 6 of the Complaint.

7.      DENIES the allegations contained in paragraph 7 of the Complaint.

8.      DENIES the allegations contained in paragraph 8 of the Complaint.

9.      DENIES the allegations contained in paragraph 9 of the Complaint.

10.     DENIES the allegations contained in paragraph 10 of the Complaint.

**RESPONSES TO PARTIES, JURISDICTION, AND VENUE**

11.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and on that basis DENIES them.

12.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and on that basis DENIES them.

13.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, and on that basis DENIES them.

14.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, and on that basis DENIES them.

15.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and on that basis DENIES them.

16.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and on that basis DENIES them.

17.     Upon information and belief, DENIES the allegations contained in paragraph 17 of the Complaint.

18.     DENIES the allegations contained in paragraph 18 of the Complaint

19.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, and on that basis DENIES them.

20.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint, and on that basis DENIES them.

21.     Upon information and belief, ADMITS the allegations contained in paragraph 21 of the Complaint.

22.     DENIES the allegations contained in paragraph 22 of the Complaint.

23.     DENIES the allegations contained in paragraph 23 of the Complaint.

24.     DENIES the allegations contained in paragraph 24 of the Complaint

25.     DENIES the allegations contained in paragraph 25 of the Complaint.

26.     DENIES the allegations contained in paragraph 26 of the Complaint.

27.     DENIES the allegations contained in paragraph 27 of the Complaint.

28.     DENIES the allegations contained in paragraph 28 of the Complaint.

29.     DENIES the allegations contained in paragraph 29 of the Complaint.

30.     DENIES the allegations contained in paragraph 30 of the Complaint.

31.     ADMITS the allegations contained in paragraph 31 of the Complaint.

32.     ADMITS the allegations contained in paragraph 32 of the Complaint.

## RESPONSES TO JURISDICTION AND VENUE

33.     Upon information and belief, DENIES the allegations in paragraph 33 of the Complaint.

34.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint, and on that basis DENIES them.

35.     ADMITS the allegations contained in paragraph 35 of the Complaint.

36.     The allegations in paragraph 36 of the Complaint comprise conclusions of law to which no response is required.  To the extent a response is required, the allegations are DENIED.

37.     DENIES the allegations contained in paragraph 37 of the Complaint.

38.     DENIES the allegations contained in paragraph 38 of the Complaint.

39.     DENIES the allegations contained in paragraph 39 of the Complaint.

40.     DENIES the allegations contained in paragraph 40 of the Complaint.

41.     DENIES the allegations contained in paragraph 41 of the Complaint.

42.     DENIES the allegations contained in paragraph 42 of the Complaint.

43.     DENIES the allegations contained in paragraph 43 of the Complaint.

44.     ADMITS the allegations contained in paragraph 44 of the Complaint.

45.     DENIES the allegations contained in paragraph 45 of the Complaint.

## RESPONSES TO DETAILED FACTUAL BACKGROUND

46.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint, and on that basis DENIES them.

47.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint, and on that basis DENIES them.

48.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint, and on that basis DENIES them.

49.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint, and on that basis DENIES them.

50.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint, and on that basis DENIES them.

51.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph  51 of the Complaint, and on that basis DENIES them.

52.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint, and on that basis DENIES them.

53.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint, and on that basis DENIES them.

54. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint, and on that basis DENIES them.

55. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint, and on that basis DENIES them.

56. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint, and on that basis DENIES them.

57. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint, and on that basis DENIES them.

58. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint, and on that basis DENIES them.

59. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint, and on that basis DENIES them.

60. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph  60 of the Complaint, and on that basis DENIES them.

61. Upon information and belief, DENIES the allegations in paragraph 61 of the Complaint.

62.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint, and on that basis DENIES them.

63.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint, and on that basis DENIES them.

64.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 of the Complaint, and on that basis DENIES them.

65.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Complaint, and on that basis DENIES them.

66.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Complaint, and on that basis DENIES them.

67.     DENIES the allegations contained in paragraph 67 of the Complaint.

68.     DENIES the allegations contained in paragraph 68 of the Complaint.

69.     DENIES the allegations contained in paragraph 69 of the Complaint.

70.     DENIES the allegations contained in paragraph 70 of the Complaint.

71.     DENIES the allegations contained in paragraph 71 of the Complaint.

72.     DENIES the allegations contained in paragraph 72 of the Complaint.

73.      Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Complaint, and on that basis DENIES them.

74.      Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Complaint, and on that basis DENIES them.

75.      DENIES the allegations contained in paragraph 75 of the Complaint.

76.      Upon information and belief, ADMITS the allegations in paragraph 76.

77.      Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Complaint, and on that basis DENIES them.

78.      Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Complaint, and on that basis DENIES them.

79.      DENIES the allegations contained in paragraph 79 of the Complaint.

80.      Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint, and on that basis DENIES them.

81.      DENIES the allegations contained in paragraph 81 of the Complaint.

82.      Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Complaint, and on that basis DENIES them, except ADMITS that Defendant has over two million followers on Twitter.

83.      DENIES the allegations contained in paragraph 83 of the Complaint.

84. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84 of the Complaint, and on that basis DENIES them.

85. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85 of the Complaint, and on that basis DENIES them.

86. ADMITS the allegations contained in paragraph 86 of the Complaint.

87. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Complaint, and on that basis DENIES them.

88. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Complaint, and on that basis DENIES them.

89. DENIES the allegations contained in paragraph 89 of the Complaint.

90. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Complaint, and on that basis DENIES them.

91. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 of the Complaint, and on that basis DENIES them.

92. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Complaint, and on that basis DENIES them.

93.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Complaint, and on that basis DENIES them.

94.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94 of the Complaint, and on that basis DENIES them.

95.     DENIES the allegations contained in paragraph 95 of the Complaint.

96.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Complaint, and on that basis DENIES them.

97.     DENIES the allegations contained in paragraph 97 of the Complaint.

98.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98 of the Complaint, and on that basis DENIES them.

99.     DENIES the allegations contained in paragraph 99 of the Complaint.

100.    DENIES the allegations contained in paragraph 100 of the Complaint.

101.    DENIES the allegations contained in paragraph 101 of the Complaint.

102.    DENIES the allegations contained in paragraph 102 of the Complaint.

103.    DENIES the allegations contained in paragraph 103 of the Complaint.

104.    DENIES the allegations contained in paragraph 104 of the Complaint.

105.    DENIES the allegations contained in paragraph 105 of the Complaint.

106.    DENIES the allegations contained in paragraph 106 of the Complaint.

## RESPONSES TO CAUSES OF ACTION

### Count 1

107.     Paragraph 107 does not make any factual allegations and, therefore, does not require any response. Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

108.     Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108 of the Complaint, and on that basis DENIES them.

109.     DENIES the allegations contained in paragraph 109 of the Complaint.

110.     DENIES the allegations contained in paragraph 110 of the Complaint.

111.     DENIES the allegations contained in paragraph 111 of the Complaint.

112.     The allegations contained in paragraph 112 of the Complaint comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are DENIED.

113.     DENIES the allegations contained in paragraph 113 of the Complaint.

114.     DENIES the allegations contained in paragraph 114 of the Complaint.

115.     DENIES the allegations contained in paragraph 115 of the Complaint.

116.     DENIES the allegations contained in paragraph 116 of the Complaint.

117.     DENIES the allegations contained in paragraph 117 of the Complaint.

118.     DENIES the allegations contained in paragraph 118 of the Complaint.

119.     DENIES the allegations contained in paragraph 119 of the Complaint.

120.    Paragraph 120 does not make any factual allegations and, therefore, does not require any response.  Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

121.    Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121 of the Complaint, and on that basis DENIES them.

122.    DENIES the allegations contained in paragraph 122 of the Complaint.

123.    DENIES the allegations contained in paragraph 123 of the Complaint.

124.    DENIES the allegations contained in paragraph 124 of the Complaint.

125.    The allegations contained in paragraph 125 of the Complaint comprise conclusions of law to which no response is required.  To the extent a response is required, the allegations are DENIED.

126.    DENIES the allegations contained in paragraph 126 of the Complaint.

127.    DENIES the allegations contained in paragraph 127 of the Complaint.

**Count 3**

128.    Paragraph 128 does not make any factual allegations and, therefore, does not require any response.  Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

129.    Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 129 of the Complaint, and on that basis DENIES them.

130.    DENIES the allegations contained in paragraph 130 of the Complaint.

131.    DENIES the allegations contained in paragraph 131 of the Complaint.

132.    DENIES the allegations contained in paragraph 132 of the Complaint.

133.    DENIES the allegations contained in paragraph 133 of the Complaint.

134.    DENIES the allegations contained in paragraph 134 of the Complaint.

135.    DENIES the allegations contained in paragraph 135 of the Complaint.

## Count 4

136.    Paragraph 136 does not make any factual allegations and, therefore, does not require any response.  Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

137.    DENIES the allegations contained in paragraph 137 of the Complaint.

138.    DENIES the allegations contained in paragraph 138 of the Complaint.

139.    DENIES the allegations contained in paragraph 139 of the Complaint.

140.    DENIES the allegations contained in paragraph 140 of the Complaint.

141.    DENIES the allegations contained in paragraph 141 of the Complaint.

## Count 5

142.    Paragraph 142 does not make any factual allegations and, therefore, does not require any response.  Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

143.    The allegations contained in paragraph 143 of the Complaint comprise conclusions of law to which no response is required.  To the extent a response is required, the allegations are DENIED.

144.    DENIES the allegations contained in paragraph 144 of the Complaint.

145.    DENIES the allegations contained in paragraph 145 of the Complaint.

146.    Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 146 of the Complaint, and on that basis DENIES them.

147.    Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 147 of the Complaint, and on that basis DENIES them.

148.    DENIES the allegations contained in paragraph 148 of the Complaint.

149.    DENIES the allegations contained in paragraph 149 of the Complaint.

150.    DENIES the allegations contained in paragraph 150 of the Complaint.

151.    DENIES the allegations contained in paragraph 151 of the Complaint.

152.    DENIES the allegations contained in paragraph 152 of the Complaint.

## Count 6

153.    Paragraph 153 does not make any factual allegations and, therefore, does not require any response.  Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

154.    The allegations contained in paragraph 154 of the Complaint comprise conclusions of law to which no response is required.  To the extent a response is required, the allegations are DENIED.

155.    DENIES the allegations contained in paragraph 155 of the Complaint.

156.    DENIES the allegations contained in paragraph 156 of the Complaint.

157.    DENIES the allegations contained in paragraph 157 of the Complaint.

158.    DENIES the allegations contained in paragraph 158 of the Complaint.

**<u>Count 7</u>**

159.　Paragraph 159 does not make any factual allegations and, therefore, does not require any response.  Defendant incorporates her answers previously made in response to each specific allegation of the Complaint referred to therein as if more fully set forth in this paragraph.

160.　DENIES the allegations contained in paragraph 160 of the Complaint.

161.　DENIES the allegations contained in paragraph 161 of the Complaint.

162.　DENIES the allegations contained in paragraph 162 of the Complaint.

163.　DENIES the allegations contained in paragraph 163 of the Complaint.

164.　DENIES the allegations contained in paragraph 164 of the Complaint.

165.　DENIES the allegations contained in paragraph 165 of the Complaint.

166.　DENIES each and every allegation contained in the Complaint not hereinbefore admitted, denied, or otherwise controverted.

167.　Acknowledges the demand of Plaintiffs for a jury trial, but DENIES that any issues are triable by jury.

168.　DENIES that Plaintiffs have been damaged or are entitled to any relief prayed for in the Complaint.

**<u>ADDITIONAL DEFENSES</u>**

1.　The Complaint should be dismissed for lack of personal jurisdiction over Defendant.  Notwithstanding the Sixth Circuit's decision, Defendant objects to personal jurisdiction and venue.

2.　The Complaint fails to state a claim upon which relief may be granted against Defendant.

3.　Neither Tenn. Code § 39-17-308 nor Tenn. Code § 39-17-315 authorize or permit a civil cause of action and their application to Defendant's Twitter statements complained of would

criminalize speech protected by the First Amendment of the United States Constitution and by Article 1, Section 19 of the Tennessee Constitution.

4.       Defendant's actions and statements challenged in the Complaint are protected and privileged under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and under Article 1, Section 19 of the Tennessee Constitution, and under common law.

5.       Counts 1, 2, and 3 of the Complaint fail to state a cause of action because Defendant's social media statements at issue addressed a matter of public concern and are entitled to special protection under the First Amendment.

6.       Counts 1, 2, and 3 of the Complaint are defective as a matter of law because Defendant's statements complained of are constitutionally protected speech and therefore Plaintiff cannot satisfy the required elements of improper conduct and motive.

7.       Counts 1, 2, and 3 of the Complaint are legally insufficient because Defendant's speech did not tortiously interfere with Plaintiff Samuel Johnson's employment relations or contractual relations, and which interference, if any, was solely attributable to the acts, communications, or decisions of Plaintiff Samuel Johnson and/or third parties over which Defendant exercised no control.

8.       Plaintiff Samuel Johnson's common law and statutory tortious interference claims are barred by the doctrine of collateral estoppel.

9.       Counts 2 and 3 of the Complaint fail to state a viable cause of action because Defendant does not have knowledge regarding Plaintiff's contractual relationship with his former employer.

10.    Plaintiffs' claim of intentional infliction of emotional distress fails because it is based solely on speech protected by the United States and Tennessee Constitutions.

11.    The Complaint's fourth cause of action fails because Defendant's publications and acts complained of were neither intentional nor outrageous.

12.    Defendant did not engage in extreme or outrageous conduct, intend to cause Plaintiffs emotional distress, or intentionally, recklessly or negligently cause such distress.

13.    Plaintiffs' claim of intentional infliction of emotional distress fails due to lack of causation.

14.    The Complaint's fourth cause of action fails because it seeks to punish constitutionally protected speech based on an impermissibly subjective standard.

15.    Count 5 of the Complaint fails as a matter of law because Defendant did not intrude physically or otherwise on the private affairs or seclusion of Plaintiff Jill Johnson.

16.    Plaintiff Jill Johnson has attempted to state a claim for "intrusion upon seclusion," but has failed to do so.  Defendant's statements involved a matter of public interest, and this case will be judged under the heightened constitutional "actual malice" standard.

17.    While acknowledging that the Tennessee Supreme Court has allowed a claim for "intrusion upon seclusion," numerous other states have disallowed such a separate cause of action and Defendant reserves the right to challenge such a cause of action here.

18.    The Twitter statements alleged to be actionable, and the manner and method of their dissemination, were not highly offensive to a reasonable person and are therefore not actionable as an intrusion upon seclusion.

19.     The Twitter statements about Plaintiff Jill Johnson alleged to be actionable concerned matters of public record and public concern and therefore may not be the predicate for a claim sounding in invasion of privacy.

20.     Plaintiff Jill Johnson's common law invasion of privacy claim is barred under the First Amendment because Defendant's Twitter statements addressed a matter of legitimate public interest and concern.

21.     Plaintiff Jill Johnson does not have a reasonable expectation of privacy in the contents of the Twitter statements complained of, and the Complaint's fifth cause of action therefore fails as a matter of law.

22.     Count 6 of the Complaint sounding in *prima facie* tort is not recognized in this context as a cause of action under Tennessee law.

23.     Plaintiffs' *prima facie* tort claim fails as a matter of law because Defendant's statements complained of are privileged and justified as public affairs commentary protected at the core of the First Amendment of the United States Constitution and Article 1, Section 19 of the Tennessee Constitution.

24.     Defendant did not owe and did not breach any duty in law or in equity to Plaintiffs.

25.     The Complaint's claim sounding in negligence *per se* may not circumvent the constitutional and statutory principles protecting Defendant's speech, and therefore fails to state a cause of action.

26.     Tenn. Code § 39-17-308 and § 39-17-315 do not give rise to a standard of care applicable to Defendant's statements as the basis for a negligence claim.

27.     The claims alleged in the Complaint are barred because Plaintiffs have not suffered any cannot prove any actual harm or compensatory damages as a result or proximate cause of the

acts alleged in the Complaint, or as a result or proximate cause of the allegedly actionable statements on which their claims are predicated.

28.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, certain of the allegedly actionable statements are not actionable as expressions of opinion and/or rhetorical hyperbole.

29.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, any statements of fact of which Plaintiffs complain are true, and any opinions are based on the facts therein stated.

30.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, certain of the statements complained of do not imply the existence of undisclosed defamatory facts and constitute protected expressions of opinion.

31.     The statements complained of in the Complaint are not actionable to the extent they did not injure Plaintiffs.

32.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, certain of the allegedly actionable statements are substantially true.

33.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, Plaintiffs cannot carry their burden of proving the falsity of certain of the allegedly actionable statements.

34.     The statements complained of in the Complaint are not actionable to the extent they were made within the sphere of legitimate public interest and/or were reasonably related to matters warranting public exposition.

35. To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, certain of the published statements about which Plaintiffs complain are privileged by statute and common law as fair and true reports of official proceedings.

36. To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, Defendant acted without fault as required by the Tennessee and federal Constitutions in all of her speech and conduct.

37. To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, Defendant acted without the required *scienter*, both in the constitutional sense and in the common law sense, in all of her speech and conduct.

38. To the extent Plaintiff Samuel Johnson seeks damages for alleged reputational, emotional, and other harm in contravention of well-established law, his claim is barred by the incremental harm doctrine.

39. To the extent that Plaintiff Samuel Johnson has suffered any harm or damages, it is the result of his own statements and actions.

40. Plaintiff Samuel Johnson's claims are barred in whole or in part by the doctrine of unclean hands.

41. Any injuries or damages incurred by Plaintiffs, which Defendant expressly denies, were solely, proximately, and directly caused by the acts or statements of others over which Defendant exercised no control.

42. Any injuries or damages incurred by Plaintiffs, which Defendant expressly denies, were solely, proximately, and directly caused by the acts, publications, or statements of others over which Defendant was entitled reasonably to rely and did so rely.

43.     To the extent Plaintiffs seek damages for reputational and emotional harm in contravention of well-established law, the allegedly actionable conduct and statements were not the proximate cause of the injuries alleged in the Complaint.

44.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, Plaintiffs have failed to allege damages with the requisite particularity.

45.     To the extent Plaintiffs seek damages for alleged reputational, emotional, and other harm in contravention of well-established law, Plaintiffs have failed to allege special damages with the requisite particularity.

46.     Upon information and belief, Plaintiffs are precluded from recovering exemplary or punitive damages as a matter of law.

47.     The statements complained of in the Complaint cannot be the basis for a claim of exemplary or punitive damages as a matter of law because they were not published with both knowledge of falsity or reckless disregard of probable falsity, and common law malice.

48.     Plaintiffs have failed to state a claim entitling them to punitive damages against Defendant pursuant to *Hodges v. S.C. Tool & Co.*, 833 S.W.2d 896 (Tenn. 1992). Further, Defendant submits that Plaintiffs' claims for punitive damages are barred by the Constitution of the United States, the Constitution of the State of Tennessee, and/or the common law or the public policies of the United States and/or the State of Tennessee.  Defendant preserves all applicable defenses under the Tennessee Civil Justice Act of 2011, including but not limited to limitations on non-economic damages.

49.     Plaintiffs' claims for punitive damages cannot be sustained because they fail to allege facts sufficient to warrant the imposition of punitive damages.

50.    To the extent any consideration is given to Plaintiffs' request for punitive damages, Defendant is entitled to a bifurcated proceeding. Further, Defendant preserves the defense that Plaintiffs do not have a constitutional right to a jury trial on the punitive damages claim. Defendant affirmatively asserts that in addition, and/or in the alternative, any claim for punitive damages will be capped by Tenn. Code Annot. Section 29-2-104.

51.    Plaintiffs' claims fail because they have failed to mitigate any alleged injury or damages, which injury or damages Defendant expressly denies.

52.    Plaintiffs cannot satisfy the applicable standard of constitutional "actual malice" as defined in *New York Times v. Sullivan*, 376 U.S. 254 (1964) and *Press, Inc. v. Verran*, 569 S.W.2d 435 (Tenn. 1978). Defendant's statements at issue were not published with the knowledge that they contained any false, defamatory statements of fact of and concerning the Plaintiffs, or with reckless disregard for their truth.

53.    The Twitter statements complained of are subject to and protected by the absolute and/or qualified privileges because they concerned news, matters of public interest, matters of public record, matters regarding official actions and proceedings, and fair comment.

54.    Defendant at all times relevant hereto exercised reasonable care and diligence.

55.    Plaintiffs have not stated any claim for alleged damage to "reputation." Moreover, upon information and belief, Plaintiff Samuel Johnson has in the past engaged in similar conduct and statements to those which occurred at the Harpeth Hotel in Franklin, Tennessee, on or about April 24, 2021, and those accusations became public.

56.    Plaintiffs cannot assert any claim for any alleged damage to business or to business reputation. No statements other than those specifically identified in the Complaint may be the subject of any claim.

57.     Defendant demands proof of any purported actual damages as a result of each and every challenged act or statement. Defendant demands strict proof of the supposed incremental harm allegedly caused by the challenged statements, as compared to other statements, news coverage, social media postings, or publications by other entities or individuals concerning the April 24, 2021, Harpeth Hotel incident involving Plaintiff Samuel Johnson.

58.     Plaintiffs' claims fail because of failure to satisfy the statutory notice requirement, Tenn. Code Annot. § 29-24-103(a).

59.     Without admitting any fault on the part of Defendant, if Defendant was liable, which liability is expressly denied, then the damages, if any, and which are denied by Defendant, must be appropriately apportioned under the doctrine of comparative fault. The Court should take into account the actions of the Plaintiff Samuel Johnson, including but not limited to the Plaintiff's public conduct at the Harpeth Hotel in Franklin, Tennessee, on or about April 24, 2021, that is the subject of Defendant's Twitter statements challenged in the Complaint.

60.     Defendant preserves the defense that Plaintiffs failed to make a demand under the Tennessee retraction statute, Tenn. Code Annot. § 29-24-103(b)(1), and no punitive damages may be sought.

61.     Defendant submits this case was filed by Plaintiffs for an improper purpose and without factual support, and preserves all claims and defenses as a result of Plaintiffs' actions.

62.     To the extent of its applicability, Defendant preserves all rights and remedies available under the Tennessee Anti-SLAPP statute, Tenn. Code Annotated Sections 4-21-1001 through -1004. Plaintiffs' Complaint is based upon Defendant's social media statements concerning a public event that occurred at the Harpeth Hotel at 130 2nd Avenue North in Franklin, Tennessee, on or about April 24, 2021, that generated a police response and Incident Detail Report

prepared by the police, along with widespread news coverage and social media commentary. Defendant's speech and conduct challenged by the Complaint are constitutionally protected, and also are specifically allowed under Tennessee statute. Defendant's Twitter statements exercised her constitutional right of free speech. Plaintiffs' actions, including by pursuing this lawsuit, constitute a violation of the anti-SLAPP statute of the state of Tennessee (Tenn. Code Annot. §4-21-1001 *et seq.*). Plaintiffs should be held liable for all costs and fees incurred by Defendant.

63.     Defendant reserves the right to assert additional defenses.

Defendant hereby gives notice that, due to her incomplete knowledge as to the matters set forth in the Complaint, she is unable to determine whether Defendant has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves her right to amend this Answer, to assert additional defenses, and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## PRAYER

**WHEREFORE**, Defendant respectfully demands judgment dismissing the Complaint in its entirety and with prejudice, and granting Defendant the costs and disbursements of this action, including but not limited to her reasonable attorneys' fees, together with such other and further relief as to the Court seems just and proper.

Dated: July 24, 2024
  Albany, New York      Michael J. Grygiel
              Cynthia E. Neidl
              GREENBERG TRAURIG, LLP
              54 State Street, 6th Floor
              Albany, New York 12207
              Tel: (518) 689-1400
              grygielm@gtlaw.com
              neidlc@gtlaw.com

Adam Siegler
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (310) 586-7700
sieglera@gtlaw.com


_/s/ Robb S. Harvey_
Robb Harvey (TN Bar No. 01159)
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Robb.Harvey@hklaw.com

*Attorneys for Defendant Kathy Griffin*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2022, a copy of the foregoing was filed electronically using the Court's Electronic Case Filing (ECF) system. Notice of this filing is expected to be sent by operation of the Court's ECF system to the following counsel of record:

Todd V. McMurtry                                    Lyndsay Smith
J. Will Huber                                        SMITH, PLC
HEMMER DEFRANK WESSELS, PLLC                         311 22nd Avenue North
250 Grandview Drive, Suite 500                       Nashville, Tennessee 37203
Fort Mitchell, Kentucky 41017                        lsmith@smith-plc.com
tmcmurty@hemmerlaw.com

                                    /s/ Robb S. Harvey
                                    Robb S. Harvey, co-counsel for Defendant

                                    *Attorneys for Defendant Kathy Griffin*

ACTIVE 700034299v4

26