IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SAMUEL JOHNSON, in his individual capacity, and JILL JOHNSON, in her individual capacity,<br><br>Plaintiffs,<br>v.<br><br>KATHY GRIFFIN, in her individual capacity,<br><br>Defendant. | Case No. 3:22-cv-00295<br><br>Chief Judge Campbell, Jr.<br>Magistrate Judge Holmes |

## AGREED PROTECTIVE ORDER[1]

The parties to this Agreed Protective Order ("Protective Order" or "Order") have agreed to the terms of this Order, and the Court approves the following terms, <u>as further qualified by the Court,</u> governing discovery of information that the parties contend is confidential information:

1. **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (collectively "Documents"), are subject to this Order concerning Confidential Information as set forth below. This Order is subject to the Local Rules for the Middle District of Tennessee and the Practice and Procedure Manual for Magistrate Judge Barbara D. Holmes.

2. **Designation of Confidential Material.** Documents may be designated as "Confidential" or "Attorneys' Eyes Only" (collectively "Confidential Information") as described below<u>, except that no designation of documents as Confidential Information shall be construed as or binding on the Court for any purposes, including in any determination of the nature of such</u>

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language, if any, and underlining added language.

designated information or whether to restrict public access to such designated information if used or offered in this case:

    a. Counsel for any party may designate any document or information, in whole or in part, that the party contends contains non-public financial, commercial, or business information, or that the party contends contains non-public highly sensitive personal information, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of a party, or disclosure would be either restricted by law or would likely cause the producing party to violate their privacy or confidentiality obligations to others. The designating party may designate confidential information and documents as confidential by stamping it "CONFIDENTIAL."

    b. Counsel for any party may designate as "ATTORNEYS' EYES ONLY" any information or documents when such party believes, in good faith, that such material contains trade secrets or other highly confidential or proprietary information, the disclosure of which the party contends is likely to cause significant competitive harm or other economic disadvantage to the designating party.

3. **Disclosure of Confidential Information Designated Confidential.** No party may disclose Documents designated "CONFIDENTIAL" to another except:

    a. The requesting party, including any employees, agents, and representatives of the requesting party;

    b. Counsel for the parties, including in-house counsel, and employees and agents of counsel;

    c. Consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel and subject to Paragraph 10 below;

    d. Any witness to whom such documents or information is disclosed in the course of any hearing or deposition, so long as the disclosure is reasonably necessary for purposes of this litigation, and provided such person has, prior to disclosure, been advised of the contents

of this Order; notwithstanding the foregoing, however, a person to whom disclosure is made pursuant to this subparagraph shall not be permitted to retain copies of such Confidential Information and shall only be permitted to access such Confidential Information in the course of providing testimony;

    e.    The Court and court personnel;

    f.    Court reporters and any stenographers engaged to transcribe depositions or hearing testimony conducted in this litigation;

    g.    Any mediator appointed by the Court or jointly selected by the parties;

    h.    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

    i.    Any other person whom the Designating Party agrees in writing may have access to such discovery material.

**4.** **Disclosure of Confidential Information Designated Attorneys' Eyes Only.** Except as described below, no party may disclose Documents designated "ATTORNEYS' EYES ONLY" to another except:

    a.    Outside counsel of record for the parties and employees and agents of outside counsel;

    b.    Consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel and subject to Paragraph 10 below;

    c.    Any witness to whom such document or information is disclosed during the course of any hearing or deposition provided that such witness appears, on the face of the Attorneys' Eyes Only Documents, to have authored or received the information and provided further that such person has, prior to disclosure, been advised of the contents of this Order; notwithstanding the foregoing, however, a person to whom disclosure is made pursuant to this

3

Case 3:22-cv-00295    Document 56    Filed 01/09/25    Page 3 of 10 PageID #: 364

subparagraph shall not be permitted to retain copies of such Attorneys' Eyes Only Documents and shall only be permitted to access such Attorneys' Eyes Only Documents in the course of providing testimony;

      d.    The Court and court personnel;

      e.    Court reporters and any stenographers engaged to transcribe depositions or hearing testimony conducted in this litigation;

      f.    Any mediator appointed by the Court or jointly selected by the parties; and

      g.    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

5.    **Use of Confidential Information.** The Confidential Information disclosed will be held and used by the receiving party solely for use in connection with the above-captioned action, unless such information and documents that constitute the Confidential Information has been publicly disclosed by the Designating Party.

6.    **Method of Designation.** "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designations may be made as follows:

      a.    For information in documentary form (other than depositions or transcripts), counsel may make confidentiality designations by stamping or labeling each page of each such document CONFIDENTIAL or ATTORNEYS' EYES ONLY or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question.

      b.    For testimony or exhibits offered in a deposition or other proceedings, counsel may make confidentiality designations by notifying opposing counsel on the record during or at the conclusion of the proceeding that the information provided in the deposition or other proceeding is considered CONFIDENTIAL or ATTORNEYS' EYES ONLY and that the

transcript shall be subject to the provisions of this Order. Such designations must be specific as to the portions of the transcript and/or any exhibits to be protected. In addition, a party may reserve the right on the record during or at the conclusion of the proceeding to make such confidentiality designations up to twenty (20) days after receipt of the final transcript, and in that event, the information shall be treated as Attorneys' Eyes Only until such designation is made or the twenty (20) day period expires (whichever occurs first).

      c.      For information or items produced in other forms, counsel may make confidentiality designations by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL and/or ATTORNEYS' EYES ONLY or by any other reasonable means of providing notice of the designations

7.      **Challenges.** In the event a party challenges another party's designation of confidentiality, counsel shall confer in good faith with the opposing party, in accordance with the discovery dispute resolution procedures in effect in this case, in an effort to resolve the dispute. In the absence of a resolution, the challenging party may seek resolution in accordance with the <u>discovery</u> dispute resolution procedures effect in this ~~case by filing a motion with the Court~~. The documents or information that are the subject of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall remain treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the protection of this Order pending the Court's decision resolving the dispute. Acceptance by the Non-Designating Party of material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that any such discovery material is appropriately designated.

8.      **Filing Procedure**. A party in receipt of materials designated by another party as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not file such materials in the public record

5

unless the designating party agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY material can be filed in the public record. Any party disclosing or incorporating Confidential Information into a filing shall seek leave to file such protected material under seal in accordance with the procedures set forth in Section 5.07 of Administrative Order 167 - Administrative Practices and Procedures for Electronic Case Filing, Local Rule 5.03, and applicable Sixth Circuit authority. This Order does not, by itself, authorize the filing of any document under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal automatically. The parties understand that the documents may be filed under seal only with the permission of the Court after proper motion. Nothing in this Order shall conflate the standards for production of information as confidential with the standard for sealing judicial records.

9. **Corrections**. The disclosure of a document or information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY INFORMATION" subject to all the terms of this Order.

10. **Notice**. Prior to disclosing or displaying the Confidential Information to any person referred to in Paragraphs 3(c) or 4(b), above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each person to agree in writing to be bound by the terms of this Order by executing the attached Agreement to Abide by Agreed Protective Order.

11. **Third-Party's Confidential Information**. The parties agree to extend the provisions of this Agreed Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

12. **Third-Party Subpoenas**. Any party in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such information, shall promptly give written notice by email to counsel for the party who produced the Confidential information, identifying the materials sought and enclosing a copy of the subpoena or other process and shall provide the producing party with an opportunity to object and intervene as appropriate regarding the request for the production of that party's materials subject to this Order.

13. **Trial**. Any material subject to this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures that will protect and maintain the non-public nature of material subject to this Order.

14. **Inadvertent Disclosures**. Inadvertent production or disclosure of any discovery material as to which a producing party or other party claims a privilege, or discovery material as to which a producing party or other party claims is governed by the work-product doctrine (together, "Privileged Material"), will not be deemed to be a waiver of those protections with respect to the inadvertently produced or disclosed Privileged Material and its subject matter. A producing party that discovers it has produced Privileged Material shall request its return within thirty (30) days of the discovery of such production. The Privileged Material together with all

7

Case 3:22-cv-00295    Document 56    Filed 01/09/25    Page 7 of 10 PageID #: 368

copies thereof shall be returned to the party claiming privilege within ten (10) business days of receipt of such notice, and the receiving party shall not review the information or documents. If the privilege designation is uncontested, or if the Court agrees with the producing party's designation, any notes made from such Privileged Materials shall be destroyed. If the receiving party disclosed the Privileged Material before being notified of the inadvertent production, it must take reasonable steps to retrieve it.

15. **Order Remains in Effect**. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

16. **Return and Destruction**. Within 45 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the receiving party must promptly return the Confidential Information and any copies thereof to the producing party or certify that it has been destroyed, except that the parties' counsel shall be permitted to retain their work product on the condition that any work product will remain protected. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained "Confidential Information" shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. Nothing in this Order, including the designation of information as "Confidential Information" or "Attorneys' Only Information," shall be relied upon as, construed as, or deemed a determination by the Court of the nature of such information, including whether such information is confidential or otherwise protected from disclosure. Nor shall anything in this Order, including the designation of information as "Confidential Information" or "Attorneys' Only Information," be relied upon as, construed as, or deemed a determination by the Court of the propriety of restricting public access to such information if used or offered in this case.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

APPROVED FOR ENTRY:

| **For Plaintiffs:** | **For Defendant:** |
|---|---|

    **/s/ Todd V. McMurtry**
Todd V. McMurtry (admitted *pro hac vice*)
J. Will Huber (admitted *pro hac vice*)
HEMMER WESSELS MCMURTRY PLLC
250 Grandview Drive, Ste. 500
Ft. Mitchell, KY 41017
Phone: (859) 3441-1188
Fax: (859) 578-3869
tmcmurtry@hemmerlaw.com
whuber@hemmerlaw.com

Lyndsay C. Smith
SMITH, PLC
311 22nd Avenue North
Nashville, TN 37203
lsmith@smith-plc.com

*Attorneys for Plaintiffs,
Samuel and Jill Johnson*

    **/s/ Adam Siegler (via email authorization 11-20-2024)**
Adam Siegler (admitted *pro hac vice*)
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Phone: (310) 586-7700
Fax: (310) 586-7800
sieglera@gtlaw.com

Michael J. Grygiel (admitted *pro hac vice*)
Cynthia E. Neidl (admitted *pro hac vice*)
GREENBERG TRAURIG LLP
54 State Street, 6th Flor
Albany, New York 12207
Phone: (518) 689-1400
Fax: (518) 689-1499
grygielm@gtlaw.com
neidlc@gtlaw.com

Robb Harvey (TN Bar No. 01159)
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 850-8859
Fax: (615) 244-6804
robb.harvey@wallerlaw.com

*Attorneys for Defendant,
Kathy Griffin*